# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH RAY SANDERS,**

      **Petitioner,**

v.                                                                              **Civil Action No. 3:07cv106**
                                                                            **(Judge Bailey)**

**JOYCE FRANCIS, U.S. PAROLE COMM.,**
**FEDERAL BUREAU OF PRISONS, D.C.**
**DEPARTMENT OF CORRECTIONS,**

      **Respondents.**

## SECOND DEFICIENCY NOTICE

On August 14, 2007, the *pro se* petitioner initiated this § 2241 action against the above-named respondents. At that time, the petitioner also filed a Motion Under Title 28 U.S.C. § 1915 to Proceed Without Prepayment of Fees. Attached to that form was a copy of the petitioner's Commissary History. However, because the Court is not able to determine the petitioner's eligibility to proceed as a pauper on the basis of the forms received, that same day, the Clerk sent the petitioner a Notice of Deficient Pleading. In the notice, the petitioner was directed, *inter alia*, to file an Application to Proceed In Forma Pauperis, an executed Consent to Collection of Fees form and a Prisoner Trust Account Report.

On August 29, 2007, the petitioner filed an executed Consent to Collection of Fees form, a Prisoner Trust Account Report, and an Application to Proceed as a Pauper. Upon review, however, the undersigned notes that the petitioner's Prisoner Trust Account Report is not certified, nor are the ledger sheets to the petitioner's inmate account attached.[1] Consequently, the Court is unable to

---

[1] Although the form specifically advises that "**[t]he ledger sheets MUST be attached for the Court to process this form**," once again, the petitioner attaches only a copy of his Commissary History.

ascertain the petitioner's financial status at this time and he will be required to file another Prisoner Trust Account Report. The petitioner is reminded that the report must be certified by the institution and must contain copies of the ledger sheets to his inmate account for the six months preceding the filing of this action.

Accordingly, the **Clerk** is directed to send the petitioner a blank Prisoner Trust Account Report form. The petitioner shall complete and file the form within **twenty (20) days** from the date of this Order. The failure to timely comply with this Order could result in the dismissal of this case.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

DATED: September 6, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

The petitioner's Commissary History, however, does not contain the information necessary for the Court to determine the petitioner's eligibility to proceed as a pauper. In order to determine if the petitioner is a pauper, the Court is *required* to review all of the activity in the prisoner's inmate account for the six months preceding the filing of this action. Activity in the petitioner's Commissary account, or any restrictions on that account, are simply not relevant to the petitioner's pauper status.